FILED
MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS
04/19/2022 11:41 AM
CV 2022 04 0611

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

| | |
|---|---|
| MAURICE LOMAX<br>1500 Sherwood Ave., Apt. 7A<br>Fairfield, OH 45014<br><br>     Plaintiff,<br><br>     v.<br><br>ASTRAZENECA PHARMACEUTICALS LP<br>8814 Trade Port Drive<br>Hamilton, Ohio 45011<br><br> **Serve also:**<br> AstraZeneca Pharmaceuticals LP<br> c/o CT Corporation System (Stat. Agent)<br> 4400 Easton Commons Way, Suite 125<br> Columbus, Ohio 43219<br><br>-and-<br><br>LORI MCFARLAND<br>c/o AstraZeneca Pharmaceuticals LP<br>8814 Trade Port Drive<br>Hamilton, Ohio 45011<br><br>-and-<br><br>KELLY SERVICES GLOBAL, LLC<br>999 West Big Beaver Road, Suite 401A<br>Troy, Michigan 48084<br><br> **Serve Also:**<br> Kelly Services Global, LLC<br> c/o CT Corporation System (Stat. Agent)<br> 4400 Easton Commons Way, Suite 125<br> Columbus, Ohio 43219<br><br>-and-<br><br>EMILY CRAWFORD<br>c/o Kelly Services Global, LLC<br>999 West Big Beaver Road, Suite 401A<br>Troy, Michigan 48084<br><br>     Defendants. | CASE NO.<br><br>JUDGE:<br><br><br><br><br>**COMPLAINT FOR<br>DAMAGES AND<br>INJUNCTIVE RELIEF**<br><br>**JURY DEMAND<br>ENDORSED HEREIN** |

**EXHIBIT A**

Plaintiff Maurice Lomax by and through undersigned counsel, as his Complaint against the Defendants, states and avers the following:

## PARTIES

1. Lomax is a resident of the city of South Point, Lawrence County, Ohio.

2. Defendant ASTRAZENECA PHARMACEUTICALS LP ("AstraZeneca") is a foreign-incorporated, for-profit company that conducts business throughout the state of Ohio and otehrs.

3. Defendant KELLY SERVICES GLOBAL, LLC ("Kelly") is a foreign-incorporated, for-profit company that conducts business throughout the state of Ohio and others.

4. The relevant location of the events and omissions of this Complaint took place was 8814 Trade Port Drive, Hamilton, Ohio 45011.

5. AstraZeneca is, and was at all times hereinafter mentioned, Lomax's employer within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e and R.C. §4112 *et seq*.

6. Kelly is, and was at all times hereinafter mentioned, Lomax's employer within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e and R.C. §4112 *et seq*.

7. Upon information and belief, Defendant LORI MCFARLAND is a resident of Ohio.

8. Defendant McFarland is, and was at all times hereinafter mentioned, an owner, manager, supervisor, and/or agent of AstraZeneca, and as such, an employer within the meaning of R.C. §4112.02(J).

9. Defendant McFarland has no relation to Plaintiff's attorney Evan McFarland.

10. Upon information and belief, Defendant EMILY CRAWFORD is a resident of Ohio.

**EXHIBIT A**

11. Defendant Crawford is, and was at all times hereinafter mentioned, an owner, manager, supervisor, and/or agent of Kelly, and as such, an employer within the meaning of R.C. §4112.02(J).

### JURISDICTION & VENUE

12. All of the material events alleged in this Complaint occurred in or around Butler County, Ohio.

13. Therefore, personal jurisdiction is proper over Defendant pursuant to R.C. § 2307.382(A)(1) and/or (3).

14. Venue is proper pursuant to Civ. R. 3(C)(1), (3), and/or (6).

15. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

16. Within 300 days of the adverse employment actions described herein, Lomax filed a Charge of Discrimination with the Equal Employment Opportunity Commissions ("EEOC"), Charge Nos. 473-2021-01195 (against Astra Zeneca) and 473-2021-01192 (against Kelly) ("EEOC Charge[s]").

17. On February 2, 2022, the EEOC issued and mailed Notices of Right to Sue Letters to Lomax regarding both EEOC Charges.

18. Lomax received the Right to Sue letters from the EEOC in accordance with 42 U.S.C. § 20000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibits 1 and 2.

19. Lomax has filed this Complaint on or before the 90-day deadline set forth in the Notice of Right to Sue letter.

20. Lomax has properly exhausted all administrative remedies pursuant to 29 C.F.R. §1614.407(b)

**EXHIBIT A**

## FACTS

21. Plaintiff is a former employee of Defendants.

22. At all times noted herein, Plaintiff was qualified for his position(s) with Defendants.

23. At all times noted herein, Plaintiff could fully perform the essential functions of his job(s), with or without a reasonable accommodation.

24. Plaintiff is African American and is therefore in a protected class for his race.

25. Lomax worked for AstraZeneca, placed through Kelly, as an Inspection Technician from July 2020 until both companies unlawfully terminated his employment on or about March 22, 2021.

26. During his employment, Lomax worked hard and received no disciplinary actions from either company. Seemingly, his employment was overall positive.

27. Lomax had problems with the Caucasian supervisors at AstraZeneca treating him unfavorably based on his race, specifically Defendant McFarland, the Senior Process Facilitator.

28. As part of Lomax's job, he had to inspect vials in a light booth, and then once the vials were inspected, they were placed on a pallet. Once the pallet was full, another employee would perform another inspection of the vials. Multiple employees contribute to each pallet.

29. On one occasion in early 2021, one of the pallets Lomax had worked on was found to have errors.

30. Lomax was not the only employee who made a mistake on that pallet; however, Lomax was the only employee who needed to be recertified as an inspector because of the mistake.

**EXHIBIT A**

31. McFarland made Lomax complete a requalification in order to do his job. The Caucasian employees, including those working on the same pallet, disparately did not have to recertify as inspectors.

32. Lomax was allegedly terminated for attendance points. Disparately, Caucasian employees with severe attendance problems worse than Lomax's were not terminated.

33. Some Caucasian employees were late to work at least once per month and did not receive any disciplinary action.

34. If Lomax were tardy, even only would be five or ten minutes late, McFarland would give Lomax an attendance point. Whereas Caucasian employees would be hours late and not be disciplined.

35. Lomax's problems reached a boiling point on or around March 20, 2021.

36. That day, Lomax was at work helping a coworker calibrate their light booth. This is common practice as it takes two employees to calibrate the light booths.

37. When Lomax returned to his inspection machine, Mike (LNU, Caucasian), a Lead, began yelling at Lomax for not being in his booth.

38. Mike (LNU) yelled at Lomax asking where he had been, Lomax said he had been calibrating a light booth.

39. Mike (LNU) then began yelling at Lomax asking, "do you see why I'm upset?!"

40. Lomax did not understand why Mike (LNU) was being so hostile, so Lomax walked away to let Mike (LNU) calm down.

41. After Mike (LNU) calmed down, Lomax approached him to discuss what had occurred.

**EXHIBIT A**

42. Mike (LNU) began to yell at Lomax again and told Lomax that he had "an attitude." Mike (LNU) disparately did not accuse Caucasian employee's of having attitudes for similar conduct.

43. Lomax then called McFarland to inform her what was going on.

44. Lomax was sent home pending an investigation. Mike (LNU) disparately was not sent home.

45. On March 21, 2021, Lomax was told he could make up the hours he missed by being sent home the next day.

46. However, then on March 22, 2021, Lomax received a call from Defendant Crawford, the Talent Advisor at Kelly Services and Lomax's case manager.

47. Crawford informed Lomax that AstraZeneca had terminated his employment due to his attendance.

48. AstraZeneca treated Lomax unfavorably based on his race. Caucasian employees were not written up for their attendance.

49. Caucasian employees were not forced to recertify themselves as inspectors.

50. When Lomax was yelled at by a Caucasian employee, Lomax was the person sent home.

51. The Caucasian employee who had been the aggressor was allowed to stay and continue working.

52. AstraZeneca skipped steps in their disciplinary action plan and went straight to termination.

53. Kelly then rubber-stamped Lomax's termination without investigation and refused to place him at another position.

**EXHIBIT A**

54. Additionally, shortly before Lomax's termination, he also made protected complaints of unsafe COVID-19 protocols and lack of personal protective equipment ("PPE") to AstraZeneca and Kelly.

55. Lomax's protected complaints on COVID-19 failures went largely ignored.

56. Shortly after those complaints, Defendants terminated Lomax's employment.

57. Defendants' purported reason(s) for Plaintiff's employment termination was clearly pretextual.

58. Defendants actually terminated Plaintiff's employment discriminatorily against his race and/or in retaliation against his protected complaints.

59. As a result of the above, Plaintiff has suffered and will continue to suffer damages.

### COUNT I: RACIAL DISCRIMINATION IN VIOLATION OF R.C. §4112, *et seq.*
### (Defendants AstraZeneca & Kelly Only)

60. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

61. Plaintiff is African American, and thus is in a protected class for his race.

62. R.C. § 4112 *et seq.* provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's race.

63. Defendant treated Plaintiff differently than other similarly situated employees based upon his race.

64. Defendant's termination of Plaintiff's employment was an adverse employment action against him.

65. Defendant's purported reason(s) for Plaintiff's employment termination was pretextual.

66. Defendant actually terminated Plaintiff's employment due to his race.

7

**EXHIBIT A**

67. Defendant violated R.C. § 4112 *et seq.* by terminating Plaintiff's employment because of his race.

68. Defendant violated R.C. § 4112 *et seq.* by treating Plaintiff differently from other similarly situated employees outside his protected class.

69. Defendant violated R.C. § 4112 *et seq.* by applying its employment policies in a disparate manner based on Plaintiff's race.

70. Defendant violated R.C. § 4112 *et seq.* by applying its disciplinary policies in a disparate manner based on Plaintiff's race.

71. As a direct and proximate result of Defendant's acts and omissions, Plaintiff has suffered and will continue to suffer damages.

## COUNT II: RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII
### (Defendants AstraZeneca & Kelly Only)

72. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

73. Plaintiff is African American, and thus is in a protected class for his race.

74. Title VII provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's race.

75. Defendant's treated Plaintiff differently than other similarly situated employees based upon his race.

76. Defendant's termination of Plaintiff's employment was an adverse employment action against him.

77. Defendant's purported reason for Plaintiff's employment termination was pretextual.

78. Defendant actually terminated Plaintiff's employment due to his race.

79. Defendant violated Title VII by terminating Plaintiff's employment because of his race.

8

**EXHIBIT A**

80. Defendant violated Title VII by treating Plaintiff differently from other similarly situated employees outside his protected class.

81. Defendant violated Title VII by applying its employment policies in a disparate manner based on Plaintiff's race.

82. Defendant violated Title VII by applying its disciplinary policies in a disparate manner based on Plaintiff's race.

83. As a direct and proximate result of Defendant's acts and omissions, Plaintiff has suffered and will continue to suffer damages.

### COUNT III: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION
### (Defendants Lori McFarland & Emily Crawford Only)

84. Plaintiff restates each and every prior paragraph of this Complaint as if it were fully restated herein.

85. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice . . ."

86. Defendants aided, abetted, incited, coerced, and/or compelled AstraZeneca's and Kelly's discriminatory treatment and termination of Plaintiff's employment.

87. Defendants violated R.C. § 4112.02(J) by aiding, abetting, inciting, coercing, and/or compelling discrimination.

88. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer damages.

9

**EXHIBIT A**

## COUNT IV: UNLAWFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

89. Plaintiff restates each and every prior paragraph of this Complaint as if it were fully restated herein.

90. A clear public policy exists and is manifested in Ohio Public Health orders from the Ohio Department of Health and the Governor's Office to prevent the spread of COVID-19 and allow employees to quarantine while waiting for COVID-19 test results.

91. A clear public policy exists and is manifested in R.C. § 4101.11 stating that "[e]very employer shall furnish employment which is safe for the employees engaged therein," and "[n]o employer shall require, permit, or suffer any employee to go or be in any employment or place of employment which is not safe..."

92. Defendants' termination of Plaintiff jeopardizes these public policies.

93. Defendants' termination of Plaintiff was motivated by conduct related to these public policies.

94. Defendants had no overriding business justification for terminating Plaintiff.

95. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands from Defendants the following:

a) Issue a permanent injunction:

   i. Requiring Defendants to abolish discrimination, harassment, and retaliation;

   ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

**EXHIBIT A**

    iii.    Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    iv.    Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    v.    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendants to expunge Plaintiff's personnel file of all negative documentation;

c) An award against each Defendant for compensatory and monetary damages to compensate Plaintiff for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Plaintiff's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

**EXHIBIT A**

/s/ Matthew Bruce
Matthew G. Bruce (0083769)
    Trial Attorney
Evan R. McFarland (0096953)
Brianna R. Carden (0097961)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (513) 655-3255 x170
Fax:    (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com
Email: Brianna.Carden@SpitzLawFirm.com

*Attorneys for Plaintiff MAURICE LOMAX*

12

**EXHIBIT A**

## JURY DEMAND

Plaintiff Maurice Lomax demands a trial by jury by the maximum number of jurors permitted.

                                                            /s/ Matthew Bruce
                                                          Matthew G. Bruce (0083769)

**EXHIBIT A**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Cincinnati Area Office
550 Main Street, Suite 10-191
Cincinnati, OH 45202
(513) 914-6007
Website: www.eeoc.gov

FILED
MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS
04/19/2022 11:41 AM
CV 2022 04 0611

# DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

To: Mr. Maurice Lomax
1500 Sherwood Drive, Apt. 7a
Fairfield, OH 45014

Re: Mr. Maurice Lomax v. ASTRAZENECA PHARMACEUTICALS LP
EEOC Charge Number: 473-2021-01195

EEOC Representative and email: Amy Trzop-Vos
Investigator
Amy.Trzop-Vos@eeoc.gov

## DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge. The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: Michelle Eisele/atv
02/02/2022
Michelle Eisele
District Director

CC:
Evan McFarland
The Spitz Law Firm
11260 Chester Rd., Ste. 825
Cincinnati, OH 45246

Stephanie Suarez
AstraZeneca Pharmaceuticals LP
c/o Littler Mendelson P.C.
2301 McGee St., Ste. 800
Kansas City, MO 64108

Barbara Rittinger Rigo
2301 McGee St., Ste. 800
Kansas City, MO 64108

**EXHIBIT A**



## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 473-2021-01195 to the District Director at Michelle Eisele, 1010 West Ohio St Suite 1900
Indianapolis, IN 46204. You can also make a FOIA request online at
https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to:
https://www.eeoc.gov/eeoc/foia/index.cfm.

**EXHIBIT A**

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Cincinnati Area Office
550 Main Street, Suite 10-191
Cincinnati, OH 45202
(513) 914-6007
Website: www.eeoc.gov

FILED
MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS
04/19/2022 11:41 AM
CV 2022 04 0611

# DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

To: Mr. Maurice Lomax
1500 Sherwood Drive, Apt. 7a
Fairfield, OH 45014

Re: Mr. Maurice Lomax v. KELLY SERVICES GLOBAL, LLC
EEOC Charge Number: 473-2021-01192

EEOC Representative and email: Amy Trzop-Vos
Investigator
Amy.Trzop-Vos@eeoc.gov

## DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge. The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: Michelle Eisele/atv
02/02/2022

Michelle Eisele
District Director

CC:
Evan McFarland
The Spitz Law Firm
11260 Chester Rd., Ste. 825
Cincinnati, OH 45246

Jake Hogg
Kelly Services Global, LLC
Director, Employment Law
999 W. Big Beaver Rd.
Troy, MI 48084

**EXHIBIT A**

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 473-2021-01192 to the District Director at Michelle Eisele, 1010 West Ohio St Suite 1900
Indianapolis, IN 46204. You can also make a FOIA request online at
https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to:
https://www.eeoc.gov/eeoc/foia/index.cfm.

**EXHIBIT A**